IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STARLETTE L.[1], | Case No. 3:20-cv-1421-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Starlette L., Plaintiff, *pro se*.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah E. Moum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Starlette L. brings this action *pro se* pursuant to § 205(g) of the Social Security

Act (Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act. For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff applied for DIB on February 9, 2017. AR 133. In her application, she alleged

disability beginning September 1, 2007. *Id.* Plaintiff was born on August 31, 1966, making

her 41 years old at the time of the alleged disability onset. AR 142. Plaintiff's claim was denied

initially on April 26, 2017, and upon reconsideration on May 31, 2017. AR 133. Plaintiff,

representing herself, appealed and testified in a hearing held before an Administrative Law Judge

(ALJ) on June 4, 2019. *Id.* On July 1, 2019, the ALJ issued a decision finding that Plaintiff was

not disabled. AR 143. Plaintiff timely appealed the ALJ's decision to the Appeals Council,

which denied the request for review, making the ALJ's decision the final decision of the

Commissioner. AR 1. Plaintiff appeals that decision before this Court.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a threshold matter, the ALJ found that Plaintiff meets the insured status requirements

of the Act through December 31, 2022. AR 135. At step one, the ALJ found that claimant had

engaged in substantial gainful activity between January 2014 and December 2016, but that there

was a continues 12-month period during which Plaintiff did not engage in substantial gainful

activity. *Id.* At step two, the ALJ found that Plaintiff had the following "severe" impairments:

peripheral neuropathy, cervical degenerative disc disease, lumbar lordosis, and left shoulder

condition. AR 136-37.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal

the severity one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

AR 137-38.  The ALJ next formulated Plaintiff's RFC. The ALJ determined that Plaintiff could

> perform light work as defined in 20 CFR 404.1567(b) except the
> claimant can occasionally climb ramps and stairs, balance, stoop,
> kneel, crouch, and crawl, but never climb ladders, ropes, and

scaffolds. The claimant can occasionally reach overhead bilaterally and frequently in all other directions bilaterally. The claimant can frequently operate foot controls bilaterally and frequently handle and finger bilaterally. The claimant must avoid concentrated exposure to work hazards such as dangerous moving machinery and unprotected heights.

AR 138. In making this determination, the ALJ "observed [that Plaintiff] looks to be disabled;" the ALJ, however, concluded that the results of the various tests that Plaintiff underwent do not support Plaintiff's severe alleged limitations but rather show that she should be limited to "light work." AR 139. At step four, the ALJ found that Plaintiff could perform her past relevant work as a customer service representative and an automotive parts counter clerk. AR 141-42. In the alternative, the ALJ found that "there are other jobs existing in the national economy that she is also able to perform." AR 142-43. Thus, the ALJ concluded, Plaintiff is not disabled. AR 143.

## DISCUSSION

In her Complaint, Plaintiff alleges that the ALJ's factual findings are not supported by substantial evidence because she is not "able to work as a parking attendant or [in] customer service" due to her "dizzy spells that take [her] vision and cause [her] body to go numb" and has issues with "[p]ain and [her] ability to walk." ECF 1. Plaintiff also filed a memorandum with the Court, stating that she suffers from syncope and that "no employer will hire [her] because [she] is a high risk to Workers Compensation." ECF 19. In response, the Commissioner identifies three potential issues that Plaintiff appears to raise in support of her petition for review: (A) whether the ALJ properly evaluated the reliability of Plaintiff's subjective symptom allegations; (B) whether the ALJ properly excluded syncope from the step two medically determinable impairments; and (C) whether Plaintiff actually would be hired by an employer, assuming that is relevant to the question of disability. ECF 20. A court must liberally construe

the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable

doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## A. Plaintiff's Subjective Symptom Testimony

There is a two-step process for evaluating a claimant's testimony about the severity and

limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

"First, the ALJ must determine whether the claimant has presented objective medical evidence of

an underlying impairment 'which could reasonably be expected to produce the pain or other

symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting

*Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant

need not show that her impairment could reasonably be expected to cause the severity of the

symptom she has alleged; she need only show that it could reasonably have caused some degree

of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the

ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting

*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must

state which pain testimony is not credible and what evidence suggests the complaints are not

credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be

"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing

*Bunnell*, 947 F.2d at 345-46).

The ALJ's opinion reflects that he carefully considered Plaintiff's testimony in light of

the medical evidence. Specifically, the ALJ found that Plaintiff's left shoulder pain, peripheral

neuropathy, lumbar spine degenerative disc disease, and cervical spine degenerative disc disease

all support that Plaintiff should be limited to light work, but do "not support the severe

limitations alleged by" Plaintiff. AR 139. The ALJ specifically described the results of the

various tests Plaintiff underwent with respect to her severe conditions:

> In 2017 and through the rest of the relevant period, [Plaintiff]
> continued to complain of low back pain and sciatic nerve damage
> (Exhibits 14F/l; 15F/21; 16F/l). Examination showed [Plaintiff]
> with positive straight leg raise (Exhibit 3F/2). Diagnostic imaging
> of [Plaintiff's] lumbar spine showed minimal low-grade
> degenerative changes of the lumbar spine, and a tiny synovial cysts
> arising from the right L4-L5 (Exhibits 2F/7; 6F/l). Imaging of
> [Plaintiff's] cervical spine showed mild to moderate multilevel
> degenerative changes and osteoarthropathy (Exhibit 6F/3).
>
> Although [Plaintiff] complained of neuropathy pain, [Plaintiff]
> showed normal sensation at examination (Exhibits 15F/8, 55;
> 3F/2). Even though [Plaintiff] has peripheral neuropathy,
> examination showed [Plaintiff] with normal grip strength in both
> arms (Exhibit 14F/3; 16F/4). Despite [Plaintiff's] cervical
> degenerative disc disease, [Plaintiff] showed the claimant with
> normal range of motion in both upper extremities (Exhibit 14F/3).
> Although [Plaintiff] has lumbar spine degenerative disc disease,
> examination showed [Plaintiff's] gait was normal (Exhibit 16F/3).
> Even though [Plaintiff] complained of back pain, examination
> showed [Plaintiff] with normal spinal range of motion (Exhibit
> 16F/3). Despite [Plaintiff's] cervical spine degenerative disc
> disease, [Plaintiff] showed normal strength at examination (Exhibit
> 16F/4).

AR 139. The record reflects that the ALJ analyzed each of Plaintiff's severe impairments clearly

and included sufficient explanations of how the medical record demonstrated conflicts with

Plaintiff's testimony in concluding that her impairments were not as severe as she alleged. The

ALJ did not err in its assessment of Plaintiff's subjective symptom testimony.

## B.  Exclusion of syncope

Plaintiff argues that the ALJ erred in failing to address Plaintiff's diagnosis of syncope in

considering whether she is disabled. Plaintiff does not define "syncope," but Defendant describes

it as "a symptom defined as a transient loss of consciousness, usually accompanied by falling,

and with spontaneous recovery." ECF 20. Plaintiff does not refute this definition, and her characterization of the condition in her reply as "fainting on a regular basis" and "dizziness and losing sight and falling" (ECF 21) is consistent with Defendant's definition.

Defendant emphasizes that Plaintiff's Memorandum is the first time that she claims to be limited by syncope, which was not listed in her original application for disability benefits, AR 317, not addressed in her appeal, AR 370, and not raised in any of her hearings, AR 47-70, 71-108. The Supreme Court, however, established that issue-exhaustion does not apply in social security cases. *Sims v. Apfel*, 530 U.S. 103, 112 (2000). Plaintiff, however, must still show that the ALJ committed harmful error. The record does not support Plaintiff's contention.

The record reflects that, on several occasions, Plaintiff complained of dizziness to her medical providers, AR 440, 483, but never received a diagnosis of syncope. In multiple instances, the record reflects an assessment of *near*-syncope, AR 112, 438, 442, 483, but these assessments are primarily based on Plaintiff's self-reported history, AR 383, and, where tests were ordered to evaluate those claims, they came back normal, AR 438. Indeed, on at least one occasion, the record reflects that Plaintiff "denied" having syncope. AR 514, 516. Thus, Plaintiff has not met her burden to establish that she was limited by syncope and further has not demonstrated that the ALJ erred when he failed to consider that limitation.

## C.  Whether Plaintiff Would Actually Be Hired

The Act and its implementing regulations specifically foreclose Plaintiff's argument that she is disabled because no employer will hire her because of Workers Compensation concerns. The Act provides that "[a]n individual shall be determined to be under a disability . . . regardless of . . . whether he would be hired if he applied for work." 42 U.S.C.A. § 423(d)(2)(A). Similarly, under 20 C.F.R. § 404.1566(c)(3), a claimant will be deemed "not disabled" if her RFC and vocational abilities make it possible to perform work that exists in the national economy but the

claimant remains unemployed for reasons such as "[t]he hiring practices of employers" or "[y]our inability to get work." Plaintiff does not provide any argument to the contrary, except to say that "[w]hether [she] can be hired is exactly why we pay into [S]ocial [S]ecurity our entire life." Accordingly, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, regardless of whether an employer would hire her.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge